UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY L. HENCE, JR.,

                       Petitioner,

v.

DAVID SMITH,

                       Respondent.
_____/

CASE NO. 97-40461

HONORABLE PAUL V. GADOLA
U.S. DISTRICT JUDGE

## **ORDER DENYING PETITIONER'S MOTION FOR REASSIGNMENT**

Now before the Court is Petitioner's "Motion for Reassignment." [docket entry #93]. In the motion, Petitioner seeks to have his case reassigned from the Honorable Paul V. Gadola to a judge located in Detroit. Petitioner sets forth, what he believes are "several compelling reasons, including: Court Rule; [t]he convenience of the witnesses; [c]ost of litigation; [t]he past practice of this Court; [r]equired evidentiary hearings; and [t]he results of a recent polygraph examination. . . ." Petr.'s Mot., p. 1. After a thorough consideration, the Court finds that reassignment is not warranted.

First, Petitioner argues that Court Rule mandates reassignment. He argues that pursuant to Eastern District of Michigan, Local Rule 83.10, his case should have been assigned to Detroit. Petitioner's reading of E.D. Mi. LR 83.10 is unavailing however. Local Rule 83.10(a) merely divides the District into two distinct geographical divisions, commonly referred to as the Northern Division and the Southern Division. Once a case is assigned to one of the two divisions according to the factors of Local Rule 83.10(b), any "place of holding" within that division is

appropriate for assignment of that case. Accordingly, the assignment of Petitioner's case to Flint, Michigan– a place of holding within the Southern Division– is not improper.

Second, Petitioner claims the costs associated with the "required evidentiary hearing," namely witness travel and litigation costs, require reassignment of his case to Detroit. But Petitioner has not been granted an evidentiary hearing at this point, and, even were Petitioner granted an evidentiary hearing, the costs associated with such a hearing would not be grounds upon which to transfer the case.

Next, Petitioner asks that this case be reassigned because of "past practice of this Court." Petitioner argues that because "Judge Gadola has himself retired, and taken a reduced workload, reassignment is requested. . . ." Petr.'s Br., p. 5. This argument for reassignment is also unpersuasive to the Court. Although the undersigned is in "Senior Status," he has not "Retired from Office," nor retired in the traditional sense. *Compare* 18 U.S.C. § 371(b), (e) (setting forth the annual requirements of a judge to retain retire from regular active service but retain the office, *i.e.* "Senior Status") *with* § 371 (a) (setting forth the requirements of a judge to "retire from office") *and* Webster's New World Dictionary 1146 (3d ed. 1988) (defining retired as "having given up one's work, business career, etc. . . ."). Furthermore, not only does this Court continue in service, the Court maintains a full caseload relative to "active" judges within the Eastern District of Michigan. As a result, Petitioner's belief that "reassignment is warranted to a judge with an active workload, so that the time and effort necessary may be devoted to this matter," is unjustified.

Finally, Petitioner's brief in support of his "Motion for Reassignment" requests an evidentiary hearing to present new evidence of actual innocence. Such a request is not appropriate in a brief supporting a "Motion for Reassignment." Accordingly, the Court will decline to address that specific relief as requested by Petitioner at this time.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's "Motion for Reassignment" [docket entry #93] is **DENIED**.

**SO ORDERED.**


Dated: August 22, 2007            s/Paul V. Gadola
                                                 HONORABLE PAUL V. GADOLA
                                                 UNITED STATES DISTRICT JUDGE


**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
         Henry Hence; Vincent J. Leone .

                                                                   s/Ruth A. Brissaud
                                                                   Ruth A. Brissaud, Case Manager
                                                                   (810) 341-7845