UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY L. HENCE, JR.,

          Petitioner,

v.

DAVID SMITH,

          Respondent.
_____/

CASE NO. 97-40461

HONORABLE PAUL V. GADOLA
U.S. DISTRICT JUDGE

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

Now before the Court is Petitioner's "Motion for Relief from Judgment." [docket entry #94]. In the motion, Petitioner seeks relief from this Court's February 10, 1999 judgement denying his petition for a writ of habeas corpus. For the reasons stated below, the Court will deny Petitioner's motion.

Petitioner, along with a co-defendant, was convicted in a Wayne County Circuit Court of first degree murder and conspiracy to commit murder shortly following the 1978 shooting death of Leon Sommers. Petitioner's conviction was affirmed by the Michigan Court of Appeals in 1981. *See People v. Hence*, 312 N.W.2d 191 (1981). Petitioner did not seek review by the Michigan Supreme Court.

Petitioner moved for a new trial following a grant of a new trial for Petitioner's co-defendant based upon a claim of ineffective assistance of counsel. His motion was denied by the trial court. Both the Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner leave to appeal.

Next, Petitioner produced evidence that purported to demonstrate that one of the witnesses testifying against him at trial had recanted his testimony and had admitted that he committed perjury. Following an evidentiary hearing on the matter, the trial court denied Petitioner's motion for a new trial based upon this new evidence. Both the Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner leave to appeal.

Then, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this Court. Petitioner presented numerous claims in support of his petition. After carefully considering each of Petitioner's claims, the Court issued an order and judgment denying Petitioner's request for a writ of habeas corpus on February 10, 1999. *See Hence v. Smith*, 37 F. Supp. 2d 970 (E.D. Mich. 1999)(Gadola, J.). The Court's order set forth the specific legal and factual basis for the Court's denial of the petition, consolidating Petitioner's numerous claims into six major issues. *See id.*

On March 3, 1999, Petitioner filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). The Court construed Petitioner's motion to alter or amend the judgment pursuant to Rule 59(e) as a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999)(Gadola, J.). After reviewing Petitioner's motion, the Court found that the motion failed to demonstrate "a palpable defect by which the Court and the parties have been misled" or that "a different disposition

of the case must result from a correction thereof." *Id.* at 553 (citing E.D. Mich. LR 7.1).[1]

Petitioner filed a motion for certificate of appealability and a motion to proceed *in forma pauperis on* March 30, 1999. Considering Petitioner's first motion, the Court denied Petitioner a certificate of appealability, finding that "the issues raised in [Petitioner's] § 2254 motion are not debatable among jurists of reason, nor could a court resolve such issues differently, nor are the issues sufficient to deserve encouragement to proceed further." *Hence*, 49 F. Supp. 2d at 549. Considering his second motion, the Court found that because "any appeal from the decision denying [P]etitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 would be frivolous," the appeal could not be taken in good faith. *Id.* Therefore, Petitioner could not proceed *in forma pauperis*. *Id.*

Petitioner then moved the Court of Appeals for the Sixth Circuit for a certificate of appealability, but that motion was denied. Petitioner's subsequent petition for writ of certiorari with the United States Supreme Court was also denied. *Hence v. Smith*, 531 U.S. 842 (2000).

Now, some eight years after Petitioner's application for a writ of habeas corpus was denied by this Court, Petitioner seeks relief from that judgment. Petitioner argues that this Court improperly decided his petition because the Court failed to "accord the required presumption of correctness to any of the favorable State court factual findings cited in Hence's petition, or give a supported reason for failing to do so, and (2) similarly decided not to address the vast majority of

---

[1] The Court also noted that the motion to alter or amend the judgment was untimely and could have been denied solely on that ground. *Hence*, 49 F. Supp. 2d at 550. In the interest of justice however, the Court considered the *pro se* motion on the merits.

favorable documentary evidence petitioner presented." Petr.'s Rule 60(b) Mot., p. 1 (emphasis in original). Accordingly, Petitioner argues, the Court failed to address the merits contained in his petition and relief is now appropriate pursuant to Federal Rule of Civil Procedure 60(b)(6) and *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

Federal Rule of Civil Procedure 60(b)(6) reads in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons . . . (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). In *Blue Diamond Coal Co. v. Trustees of UMWA*, 249 F.3d 519 (6th Cir. 2001), the Court of Appeals for the Sixth Circuit stated that subsection (6) of Federal Rule of Civil Procedure 60(b) "applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. . . . Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *Blue Diamond Coal Co.*, 249 F.3d at 524 (citations and quotations omitted).

The Court is mindful that when a motion labeled as one pursuant to Rule 60(b) presents new claims for relief from a state court's judgment, merely reasserts claims of error in the movant's state court conviction, or attacks the federal court's previous resolution of a claim on the merits, such a motion must be treated as a second or successive § 2254 petition and therefore requires precertification from the Court of Appeals pursuant to § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 538 (2005). "[H]owever, when a Rule 60(b) motion attacks, not the substance of the

federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion can be ruled upon by the District Court without precertification by the Court of Appeals. *Id.* at 532.

In the present case, Petitioner vigorously asserts that his motion for relief from judgement only attacks an alleged procedural defect in his habeas petition, namely that the Court failed to consider several of his claims on the merits and failed to give the trial court's findings of fact the proper presumption of correctness. However, Petitioner spends the vast majority of his brief rehashing the evidence that allegedly supports his innocence, an issue this Court cannot substantively consider without precertification from the Court of Appeals. Therefore, consistent with *Gonzalez* and Rule 60(b), and to the extent possible, the Court has considered only the alleged "defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532.

In the present case, Petitioner argues that the Court failed to address the merits of the claims presented in his petition for a writ of habeas corpus and failed to give the trial court's findings of fact the proper presumption of correctness. However, a review of this Court's ruling indicates there was no "defect in the integrity of the federal habeas proceeding." Although the Court consolidated some of the numerous claims presented by Petitioner in the Court's order, the Court carefully considered the arguments presented and provided specific and detailed rationale for the denial of the writ. Furthermore, the Court provided the trial court's findings of fact the presumption of correctness. *See Hence*, 37 F. Supp. 2d at 976 (citing *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998) and 28 U.S.C. § 2254(e)(1)). Accordingly, Petitioner has not presented any "unusual and

extreme" circumstances "where principles of equity mandate relief," *Blue Diamond Coal Co.*, 249 F.3d at 524 (citations and quotations omitted), and his motion will be denied.

Additionally, the Court will deny Petitioner's motion as untimely. Motions brought pursuant to Federal Rule of Civil Procedure 60(b)(6) must be brought "within a reasonable time." Fed. R. Civ. P. 60(b). In the present case, the motion filed more than eight years after this Court's 1999 order and judgment denying a writ of habeas corpus, was not brought "within a reasonable time."

**ACCORDINGLY**, for the reasons stated above, **IT IS HEREBY ORDERED** that Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) [docket entry #94] is **DENIED**.

**SO ORDERED.**

Dated:   August 27, 2007                              s/Paul V. Gadola
                                                     HONORABLE PAUL V. GADOLA
                                                     UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   August 27, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:         Henry Hence; Vincet J. Leone                           .

                                                     s/Ruth A. Brissaud
                                                     Ruth A. Brissaud, Case Manager
                                                     (810) 341-7845