**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISON**

HENRY HENCE, Jr.,

        Petitioner,

                                       Case No. 97-40461

    v.                             HON. TERRENCE G. BERG

DAVID SMITH,

        Respondent.

_____/

**OPINION AND ORDER REOPENING THIS CASE AND TRANSFERRING PETITIONER'S MOTION TO AMEND THE PETITION FOR HABEAS CORPUS (DKT. 123) AND PETITION FOR HABEAS CORPUS (DKT. 124) TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Petitioner Henry Hence, Jr., an inmate at the Ionia Correctional Facility in Ionia, Michigan, moves to amend the § 2254 habeas corpus petition that he originally filed with this Court in 1997, nearly 18 years ago.[1] (*See* Dkt. 123.) Along with his motion for leave to amend, Petitioner filed a "second-in-time" or proposed amended petition for a writ of habeas corpus (Dkt. 124) in which his prior and "amended claims are presented (along with some newly ripe claims) in their entirety" (Dkt. 123, ¶ 4). At bottom, Petitioner is seeking to reopen his case and file an amended version of his original petition that he claims both supplements his prior claims with new allegations of fact and adds a "newly ripe" claim.

---

[1] Because this case has a long history, documents filed prior to 2006 are not available electronically on CM/ECF, the Court's electronic filing and case management system. Accordingly, relevant materials filed prior to 2006 such as Petitioner's initial habeas petition filed in 1997 were requested and obtained from the United States National Archives and Records Administration and reviewed by this Court.

For the reasons stated below, the Court construes the motion to amend and the accompanying petition (Dkts. 123-124) as a motion to file a successive habeas application (Petitioner's third). Petitioner, however, has not obtained the required appellate authorization to file a successive habeas petition. 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court will direct the Clerk of the Court to **REOPEN** this case and **TRANSFER** the motion to amend the original petition for writ of habeas corpus (Dkt. 123) and the accompanying petition (Dkt. 124) to the Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

On November 28, 1978, Petitioner was charged, along with codefendant Raymond Gallagher, with first-degree murder and conspiracy to commit first-degree murder. *People v. Hence*, 312 N.W.2d 191, 193 (Mich. Ct. App. 1981). After a joint trial, a jury convicted the codefendants as charged and Petitioner was sentenced to concurrent terms of life imprisonment. *Id.* On appeal, the Michigan Court of Appeals rejected Petitioner's seven claims of error[2] and his convictions were affirmed. *See id.*

In 1997, Petitioner filed his first petition for a writ of habeas corpus in federal court challenging his state court convictions. *See Hence v. Smith*, 37 F.

---

[2] Petitioner raised the following claims on appeal: (1) it was error to admit a .38-caliber revolver; (2) the loss of a sales tag admitted as evidence warrants a new trial; (3) a coconspirator should not have been permitted to testify because that witness was a surprise and because the prosecution made an illegal deal with that witness; (4) the prosecution used its preemptory challenges during jury selection to exclude African Americans from the jury resulting in a denial of due process; (5) the trial court erred in instructing the jury on second-degree murder; (6) the trial court abused its discretion in denying Petitioner's motion for a new trial; and (7) the trial court erred by allowing a rebuttal alibi witness to testify because the prosecutor had not given Petitioner notice of this witness prior to trial. *See Hence*, 312 N.W.2d 191.

Supp. 2d 970, 976 (E.D. Mich. 1999); *see also* (Dkt. 1.) The Court understands

Petitioner to have raised the following claims:

I.     The prosecutor violated Petitioner's right to due process when he withheld evidence of an alternate suspect. Petitioner's codefendant's convictions were overturned when this evidence was revealed.

II.    The state courts denied Petitioner equal protection of the law when they did not also reverse Petitioner's convictions after Petitioner's codefendant's convictions were overturned. Petitioner is being denied counsel, a hearing, and a reversal of his convictions "due to race and class prejudice."

III.   Petitioner's appointed appellate counsel was ineffective, practiced law without a license, delayed 22 months in filing Petitioner's appeal, and was "significantly physically and emotionally impaired" while representing Petitioner.

IV.    The trial court erred in not allowing Petitioner to question one of the prosecutor's witnesses about whether threats from the prosecutor regarding the consequences of obstructing justice caused the witness to recant his affidavit and otherwise refuse to testify.

V.     The witness' recanted affidavit is newly discovered evidence requiring reversal.

VI.    The prosecutor coerced a witness into altering his testimony and into refusing to answer questions on the stand by threatening to send negative letters about the witness to the parole board.

VII.   The trial court violated Petitioner's due process rights by allowing a witness' attorney to participate in hearings.

VIII.  The state's use of surprise witnesses is a due process violation.

IX.    Trial counsel was ineffective for failing to object to alibi rebuttal testimony, to investigate exculpatory evidence, to properly cross-examine the state's witnesses, and for entering a watch as evidence when said watch was damaging to Petitioner's case.

(Dkt. 1, pp. 6-18.)

On February 10, 1999, the Honorable Paul V. Gadola,[3] denied Petitioner's 1997 petition. (*See* Dkts. 58-59.) On April 23, 1999, Judge Gadola also denied Petitioner's subsequent motions: (1) for a certificate of appealability; (2) for leave to appeal in forma pauperis; (3) for recusal; and (4) to alter or amend judgment. (Dkt. 74.) Petitioner then moved the Court of Appeals for the Sixth Circuit for a certificate of appealability and appointment of counsel, but that motion was denied on November 18, 1999. (Dkt. 87.) In October 2000, the United States Supreme Court denied a writ of certiorari. *Hence v. Smith*, 531 U.S. 842 (2000).

Petitioner resumed litigating his case in 2006. He filed a motion to reassign his case to a new judge on September 18, 2006. (Dkt. 93.) On December 14, 2006, he filed a motion for relief from judgment. (Dkt. 94.) In his motion for relief from judgment, Petitioner argued that the federal court erred in denying his petition for habeas relief because it did not: (1) "accord the required presumption of correctness to <u>any</u> of the favorable State court factual findings cited in Hence's petition"; or (2) "address the vast majority of favorable documentary evidence petitioner presented." (*Id.* at 4 (emphasis in original).)

Judge Gadola denied both motions in August 2007. (Dkts. 98-99.) Petitioner responded by filing a separate notice of appeal of each order (Dkts. 99, 105) as well as corresponding motions for a certificate of appealability (Dkts. 102, 106) and applications to proceed in forma pauperis (Dkts. 100, 109). These motions and appeals were unsuccessful. (*See* Dkts. 104, 112, 116-117.)

---

[3] This case was reassigned from Judge Gadola to the undersigned on November 25, 2015. (November 25, 2015 text-only order.)

On January 25, 2012, Petitioner filed another motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). (Dkt. 119.) In his Rule 60(b) motion, Petitioner argued that his habeas petition should be reconsidered because:

1. His codefendant's convictions were reversed "mainly because evidence, of an alternate suspect, had been suppressed" – because Petitioner and his codefendant were jointly tried, this finding should be applied to Petitioner's case. (Dkt. 119, p. 2.)

2. Since the petition was denied, two United States Supreme Court cases have been decided that require "markedly greater deference to state court findings". (*Id.* at 3.) The Court, however, disregarded this mandate and disregarded any findings that favor Petitioner. (*Id.* at 4-7.)

With his motion, Petitioner included a brief in support that presented the following claims: (1) the federal court did not afford the required level of deference to favorable state court findings; (2) the legal basis for reversing his codefendant's convictions should be applied in Petitioner's case; (3) Petitioner's counsel was ineffective for a variety of reasons; (4) the prosecution coerced a witness into retracting statements favorable to Petitioner; (5) the state used surprise witnesses; (6) Petitioner had given notice of his alibi but the prosecution failed to give notice of its "surprise rebuttal witness"; (7) Petitioner is the victim of institutional racial and class discrimination; and (8) a .38-caliber revolver and a watch were erroneously admitted into evidence. (*See id.* at 11-12.)

The Court construed Petitioner's Rule 60(b) motion and brief in support as an attempt to file a second or successive § 2254 habeas petition and transferred the case to the Court of Appeals for the Sixth Circuit. (Dkt. 120.) The Sixth Circuit agreed that the Rule 60(b) motion had been properly construed as a second or

successive § 2254 habeas petition and denied Petitioner the authorization to file it. *In Re Hence*, No. 12-1265 (6th Cir. October 12, 2012).

Petitioner did not file anything more in this case until November 19, 2015, when he filed the instant motion to amend his original 1997 habeas petition by adding "newly ripe" claims and by presenting new facts in support of his old claims. (*See* Dkt. 123.) Petitioner argues that he can amend his original petition pursuant to Federal Rule of Civil Procedure 15(c)(1)(B) because his proposed amendments relate back given that they arise out of the same "conduct, transaction, or occurrence" as the original petition. (Dkt. 123, ¶¶ 2-4.) Filed with this motion is a petition for writ of habeas corpus in which Petitioner incorporates his prior, amended, and "newly ripe" claims. (Dkt. 123, ¶ 4.)

In his motion to amend, Petitioner groups his prior, amended, and "newly ripe" claims into separate "set[s] of fact". (Dkt. 123, ¶¶ 6, 16, 20, 22.) In total, Petitioner enumerates 24 arguments and sub-arguments. (*See* Dkt. 124, p. 11-12.) Upon careful review of Petitioner's motion to amend and accompanying petition, the Court understands Petitioner's claims to be that:

1. Petitioner's co-defendant's convictions were reversed because "their joint trial was prejudiced" thus Petitioner's convictions should also be reversed. (*See* Dkt. 123, ¶¶ 6-15; Dkt. 124, p. 10.)

2. The prosecutors at the trial and appellate levels denied Petitioner a fair trial by their use of false testimony, "racist jury challenges," "racist charging decisions," surprise witnesses, and by their engagement in witness coercion and secret deals with witnesses. (*See* Dkt. 123, ¶¶ 20-21; Dkt. 124, p. 10-11.)

3. Petitioner's trial counsel was ineffective and "emotionally impaired" and his appellate counsel "totally destroyed" Petitioner's appeal. (*See* Dkt. 123, ¶¶ 16-20; Dkt. 124, p. 11-12.)

4. Petitioner should receive a new trial because the state was permitted to call surprise witnesses. (*See* Dkt. 123, ¶ 22; Dkt. 124, p. 12.)

## II.   DISCUSSION

Petitioner has moved to amend his original 1997 petition and submitted with his motion a "second-in-time" petition that includes his prior, amended, and "newly ripe" claims. As an initial matter, the Court will order the Clerk of the Court to reopen this case in order to facilitate the adjudication of these filings. The Court will construe these filings as an attempt to file a successive habeas petition, however, and transfer them to the Sixth Circuit.

Although no response has yet been filed, the Court raises the issue of whether these filings represent a successive petition sua sponte because, under Article III of the Constitution, subject matter jurisdiction must be established before a federal court can make a decision. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 377 n. 21 (1978) (because subject matter jurisdiction goes to the power of the court, parties may not waive it).

Moreover, because this appears to be a successive habeas petition filed without preauthorization from the Sixth Circuit, it would be error for this Court to dismiss the petition as being time barred. Such a timeliness inquiry would be premature before the Sixth Circuit can determine whether Petitioner should be authorized pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald*, 514 F. 3d 539, 543-44 (6th Cir. 2008).

## A.   Legal Standard

Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA"), amended in various ways chapter 153 of Title 28 of the United States Code, which empowers federal courts to grant writs of habeas corpus. Pertinent to this case are its restrictions on second or successive habeas applications, and associated "gatekeeping" provisions. As this Circuit has noted, AEDPA "does not take kindly to repeated requests for habeas relief" and "mandates that, if an inmate has already lost one such request, he may not file a 'second or successive' petition without satisfying several stringent requirements." *King v. Morgan*, 807 F.3d 154, 154 (6th Cir.  2015).

Although AEDPA does not define the phrase "second or successive" as used to modify "habeas corpus application under section 2254," §§ 2244(b)(1)-(2), it is well settled that the phrase does not simply "refe[r] to all § 2254 applications filed second or successively in time." *Panetti v. Quarterman*, 551 U.S. 930, 944, (2007); *Stewart v. Martinez–Villareal*, 523 U.S. 637, 643 (1998) (treating a second application as part of a first application where it was premised on a newly ripened claim that had been dismissed from the first application "as premature"); *Slack v. McDaniel*, 529 U.S. 473, 478, 487 (2000) (declining to apply § 2244(b) to a second application where the district court dismissed the first application for lack of exhaustion).

Prior to AEDPA, the matter of successive petitions was governed by the abuse of the writ doctrine. *See* Brian R. Means, *Federal Habeas Manual*, Ch. 11

Summary (2015 ed.). Accordingly, courts defining the phrase "second or successive" generally apply abuse of the writ decisions, including those decisions that predated AEDPA. *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) (collecting cases); *see also In re Bowling*, No. 06-5937, 2007 WL 4943732, at *2 (6th Cir. Sept. 12, 2007). Under the abuse of the writ doctrine, a petition filed subsequent to an earlier petition should be considered successive when it "raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *Id*. A previous dismissal on the merits has a preclusive effect under § 2244. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir.1997). Moreover, a dismissal based on procedural default is "on the merits" and thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000).

Generally, a state prisoner like Petitioner cannot file a second or successive habeas corpus petition without first moving in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). A federal court of appeals may "authoriz[e] the district court to consider a second or successive application" only with respect to claims "not presented in a prior application" and not previously available because they rest on new law ("a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable") or new facts ("the factual predicate for the claim could not have been discovered previously through the exercise of due diligence . . . [and] would be sufficient to establish . . . that, but

for constitutional error, no reasonable factfinder would have found the applicant guilty"). 28 U.S.C. § 2244(b).

Without preauthorization to consider a second or successive habeas petition, the district court must transfer said petition to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

With respect to Petitioner's motion to amend,[4] it is well established that the Federal Rules of Civil Procedure apply to habeas corpus proceedings. *Mayle v. Felix*, 545 U.S. 644, 654 (2005). This includes Rule 15 of the Federal Rules of Civil Procedure, which allows for amendments with the Court's leave, and grants that

---

[4] Petitioner argues that, pursuant to Federal Rule of Civil Procedure 15(c)(1)(B), he should be permitted to amend his petition after the one-year statute of limitations has run because his proposed amendments arise out of the same "conduct, transaction, or occurrence". (Dkt. 123, ¶¶ 2-4.) In 2005, the Supreme Court made clear that Rule 15(c) does apply in the habeas context, and that motions to amend habeas petitions may be filed after the one-year statute of limitations has run if they arise from the same transaction or occurrence. *Mayle*, 545 U.S. at 655. However, the Supreme Court also cautioned that Rule 15(c) "relaxes, but does not obliterate" AEDPA's statute of limitations and therefore, same "conduct, transaction, or occurrence" cannot simply mean same "trial, conviction or sentence," *Id.* at 659, 664. Any newly added claims must share a factual predicate with the claims in the original petition. *See id.* at 659 (requiring a "common core of operative facts").

"the court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2).

In habeas cases, however, the question is whether the amended pleading relates back in time to the date of the original pleading so as to avoid the one-year statute of limitations for filling a petition set forth in 28 U.S.C § 2244(d). *Mayle*, 545 U.S. at 649. In this case, because that statute of limitations has long since run, Petitioner must show that his proposed amendments relate back in time pursuant to Federal Rule of Civil Procedure 15(c)(1)(B). "An amended habeas petition ... does not relate back (and thereby escape [the] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

Here, the petition does assert a "newly ripe" ground for relief, so that a portion of the petition would arguably not relate back. Moreover, the circumstances of this case do not allow Petitioner to file a motion to amend given that the final judgment has been entered in this case and remains undisturbed. It is well-established that "[f]ollowing entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002); *see also Bender v. United States*, 372 F. App'x 638, 643 (6th Cir. 2010). Although Petitioner has previously filed Rule 59(e) and Rule 60(b) motions in this case (Dkts. 65, 94, 119), these motions were

denied, have not been renewed, and would be rightfully denied again as successive if they were to be renewed.

Petitioner seeks to amend a petition that was filed in 1997, denied in 1999, and that has an undisturbed final judgment entered against it. Because the Court construes Petitioner's motion and accompanying petition as an application to file a second or successive habeas petition requiring preauthorization from the Court of Appeals, the Court will not engage in any extended discussion concerning Petitioner's argument that he should be permitted to amend his original 1997 petition.

## B. Petitioner's November 19, 2015 Filings are an Attempt to File a Second or Successive Habeas Petition

Upon careful review of Petitioner's motion to amend as well as his prior requests for relief including the original 1997 habeas petition, it is clear that Petitioner's request to amend his habeas petition is yet another attempt to file a second or successive habeas petition. First, Petitioner seeks to re-litigate claims that he previously raised in his prior habeas petition and in his Rule 60(b) motion construed as a second or successive habeas petition, which is not permitted under 28 U.S.C. § 2244(b)(1). *In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005). Although Petitioner maintains that he has new evidence and facts in support of these previously-denied claims, Petitioner's presentation of this new evidence constitutes a successive habeas petition pursuant to § 2244(b)(3)(A). *See id.* at 439-40 (district court properly construed habeas petitioner's Rule 60(b) motion, which sought to

introduce new evidence in support of his previously-adjudicated ineffective assistance of counsel claim, as a second or successive habeas petition).

Second, Petitioner has moved to amend his original petition by adding what he maintains are new claims. Petitioner's motion, however, was filed nearly 18 years after the court entered final judgment on his 1997 petition. Once judgment is entered, an amendment is not permissible until said judgment is set aside or vacated pursuant to Federal Rule of Civil Procedure 59(e) or 60(b).[5] *See* 290 F.3d at 799 (6th Cir. 2002). This rule is universal, *see Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (citing cases), and applies in habeas proceedings, *see Pitts v. Champion*, 16 Fed. App'x. 975, 977 (10th Cir. 2001); *Coleman v. Wolfenbarger*, No. 2:09-CV-13328, 2011 WL 43583, at *1 (E.D. Mich. Jan. 6, 2011); *James v. Johnson*, No. 1:92-cv-372, 2006 WL 2331169, at *1 (W.D. Mich. Aug. 10, 2006). Because Petitioner filed his motion to amend his habeas petition well after Judge Gadola entered a final judgment denying said petition, and Judge Gadola's final judgment has not been set aside or vacated, Petitioner's attempt to add new claims amounts to a successive habeas application that requires

---

[5] The Court recognizes that Petitioner has thrice filed what he captioned as either a Rule 59(e) or a Rule 60(b) motion challenging the denial of his habeas petition, but none of these motions resulted in Judge Gadola's final judgment being vacated. (Dkts. 65, 94, 119.) Judge Gadola denied Petitioner's Rule 59(e) motion in April 1999. (Dkt. 74.) In December 1999, the Sixth Circuit dismissed Petitioner's appeal. (Dkt. 88.) Judge Gadola subsequently denied Petitioner's 2006 Rule 60(b) motion. (Dkt. 98.) Petitioner's appeal of that ruling was not successful. (Dkts. 112-113.) Finally, the Court construed Petitioner's 2012 Rule 60(b) motion as a second or successive habeas petition and transferred it to the Court of Appeals, which denied Petitioner the authorization to file it. (Dkts. 119-122.) Petitioner did not file a Rule 59(e) or a Rule 60(b) motion with the motion to amend currently before this Court.

pre-filing authorization from the Sixth Circuit. *See Chase v. Epps*, 74 Fed. App'x.

339, 345 (5th Cir. 2003).

Finally, Petitioner argues that his prior claim involving the prosecutor's

alleged deal with a trial witness is "newly ripe". (Dkt. 124, p. 19.) Petitioner alleges

that he recently obtained evidence that the prosecutor offered to commute the

witness' life sentence in exchange for false testimony.[6]. (*Id.*) Specifically, Petitioner

claims to have received a signed affidavit in December 2012 from a third person

stating that the witness in question admitted to the third person that the witness

gave false testimony at trial in exchange for a commutation of a jail sentence. (*Id.*)

Petitioner filed a motion in state court for relief from judgment on the basis of this

new evidence, but the motion was denied by the successor trial judge and

Petitioner's appeals were unsuccessful. (*Id.*)

A district court has the authority to adjudicate a newly ripe claim even in the

absence of pre-authorization from the Sixth Circuit. *See In Re Smith,* 690 F. 3d 809,

810 (6th Cir. 2012). Even if Petitioner's latest petition includes claims that are not

second or successive, however, Petitioner's inclusion of claims previously denied on

the merits in the same habeas petition renders said petition second or successive for

purposes of 28 U.S.C. 2244(b). *See Allen v. Colson*, 953 F. Supp. 2d 870, 877 (M.D.

Tenn. 2013) (finding that a petition of new claims that included a grand jury

discrimination claim previously denied on the merits by a federal district court was

"second or successive.")

---

[6] Although Petitioner characterizes this claim as "newly ripe," Petitioner has been unsuccessfully
alleging prosecutorial misconduct with respect to this witness since 1981. *See, e.g., Hence,* 312
N.W.2d 191.

In his lengthy proposed amended petition filed with his motion to amend, Petitioner reiterates the merits of his claims and reasserts his innocence. In essence, Petitioner once again seeks reconsideration of a habeas petition which Judge Gadola denied 16 years ago. Although Petitioner would not have been required to obtain a certificate of authorization following the dismissal of his first petition if it had been dismissed without prejudice on exhaustion grounds, *See In Re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998), Petitioner's original petition was denied on the merits. As noted above, a previous dismissal on the merits has a preclusive effect under § 2244, even if the dismissal was based on a procedural default. *See Carlson,* 137 F.3d at 419; *In re Cook*, 215 F.3d at 608.

## III.   CONCLUSION

Accordingly, the Clerk of the Court **IS HEREBY ORDERED** to reopen this case. Because Petitioner has not obtained the appellate authorization to file a subsequent habeas petition as required by 28 U.S.C. § 2244(b)(3)(A), however, the Clerk of the Court is hereby **DIRECTED** to **TRANSFER** Petitioner's motion to amend his original habeas petition (Dkt. 123) and the associated proposed amended habeas petition (Dkt. 124) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *Sims*, 111 F.3d at 47.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  January 5, 2016

15

**Certificate of Service**

I hereby certify that this Order was electronically submitted on January 5, 2016, using the CM/ECF system, which will send notification to each party.

By: <u>s/A. Chubb</u>
     Case Manager