UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

HENRY HENCE, Jr.,

    Petitioner,

                                         Case No. 97-40461
v.                                   HON. TERRENCE G. BERG

DAVID SMITH,

    Respondent.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION (DKT. 129) AND
TRANSFERRING MOTION TO AMEND HABEAS PETITION (DKT. 128)
TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT**

      Petitioner Henry Hence, Jr., an inmate at the Ionia Correctional Facility in Ionia, Michigan, moves to amend the § 2254 habeas corpus petition that he originally filed with this Court in 1997, nearly 18 years ago.[1] (*See* Dkt. 123.) Along with his motion for leave to amend, Petitioner filed a "second-in-time" or proposed amended petition for a writ of habeas corpus (Dkt. 124) in which his prior and "amended claims are presented (along with some newly ripe claims) in their entirety" (Dkt. 123, ¶ 4).

      On January 5, 2016, the Court reopened this case but construed the motion to amend and the accompanying petition as a motion to file a successive habeas application. (*See* dkt. 127.) Because Petitioner had not obtained the required

---

[1] Because this case has a long history, documents filed prior to 2006 are not available electronically on CM/ECF, the Court's electronic filing and case management system. Accordingly, relevant materials filed prior to 2006 such as Petitioner's initial habeas petition filed in 1997 were requested and obtained from the United States National Archives and Records Administration and reviewed by this Court.

appellate authorization to file a successive habeas petition, the Court transferred the motion and the accompanying petition to the Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. (*See id.*)

Before the Court is Petitioner's motion to reconsider that decision (Dkt. 129) and a motion to amend the petition for habeas relief that was transferred to the Sixth Circuit in the January 5, 2016 Order (Dkt. 128). In his motion for reconsideration, Petitioner argues that, pursuant to Eastern District of Michigan Local Rule 7.1(h)(1), the January 5, 2016 Order contained "several palpable defects which, if corrected, would 'result in a different disposition of the case.'" (Dkt. 129, p. 1.) According to Petitioner, the principle defect is that this Court failed to accord due deference to state court decisions. (*Id.* at 1.) If this Court had "given the required due deference to the state court findings, then it would have been manifest that Hence has significant new evidence proving a constitutional violation, and also proving his actual innocence." (*Id.*)

Petitioner has not established that there is a palpable defect in this Court's January 5, 2016 Order transferring his motion to the Sixth Circuit. Eastern District of Michigan Local Rule 7.1(h)(3) provides that, when seeking a motion for reconsideration:

> The movant must [1] not only demonstrate a palpable defect [2] by which the court and the parties have been misled but also [3] show that correcting the defect will cause a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F.Supp.2d 682, 684

(E.D. Mich. 2004) (citation omitted). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3).

Petitioner does not address why this Court's decision to construe his motion to amend and the accompanying petition as a motion to file a successive habeas application was incorrect or why that motion should not have been transferred to the Sixth Circuit for authorization. Instead, Petitioner devotes the vast majority of his brief to reiterating the merits of his claims and reasserting his innocence. (*See* Dkt. 129, pp. 2-14.) Petitioner argues that "state court findings" prove a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), that the prosecution made a secret deal with a witness, that his trial was "racistly rigged," that his trial, appellate, and post-conviction counsel were "totally inept", and that there was "false trial testimony." (*Id.* at 3.) Petitioner reiterates that he has newly discovered evidence that proves he is actually innocent (*id.* at 4), that his conviction is void because his co-defendant's convictions were reversed (*id.* at 5), and that the merits of his first petition for habeas relief were never adjudicated (*id.* at 6).

Petitioner has made these arguments before. (*See* dkts. 1, 94, 119, 123, 124.) As noted above, the Court will not grant a motion for reconsideration that "merely presents the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). The purpose of a motion for reconsideration is not " 'to give an unhappy litigant one additional chance to sway the judge.' "

*Pakideh v. Ahadi*, 99 F.Supp.2d 805, 809 (E.D.Mich.2000) (quoting *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977)).

Although Petitioner appears to believe otherwise, this Court has made no findings with respect to the merits of Petitioner's claims as raised in his motion to amend. It has transferred Petitioner's motion and accompanying petition to the Sixth Circuit for the requisite authorization to proceed in this matter. *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 1631. Petitioner's motion for reconsideration (Dkt. 129) is **DENIED**. For the same reasons articulated in its January 5, 2016 Order, the Clerk of the Court is hereby directed to **TRANSFER** Petitioner's motion to amend his habeas petition (Dkt. 128) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: July 26, 2016

## Certificate of Service

I hereby certify that this Order was electronically submitted on July 26, 2016, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb
Case Manager

4